IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-45-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| SHYANN MARIE DUPREE, | |
| Defendant. | |

## I. Synopsis

Ms. Dupree was accused of violating her conditions of supervised release in six ways: (1) Ms. Dupree failed to report for substance abuse treatment on three occasions; (2) Ms. Dupree failed to report for substance abuse testing on multiple occasions; (3) Ms. Dupree submitted a positive urine sample for marijuana, opiates, and methamphetamine; (4) Ms. Dupree submitted another positive urine sample for marijuana one week later; (5) During a conversation with her probation officer, Ms. Dupree admitted to smoking marijuana and using methamphetamine twice during thirty days prior; and (6) Ms. Dupree has failed to make any restitution payments since March 2016. Ms. Dupree admitted to all violations. Ms. Dupree's supervised release should be revoked. She should be placed in custody

1

for three months, with thirty-three months of supervised release to follow.

## II. Status

On June 18, 2013, Ms. Dupree pleaded guilty to burglary. On January 21, 2015, United States Chief District Judge Dana Christensen sentenced Ms. Dupree to eighteen months custody, with 36 months of supervised release to follow, and ordered her to pay $11,889.97 in restitution. (Doc. 31.) Ms. Dupree's term of supervised release began on August 21, 2014.

On December 9, 2014, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Ms. Dupree had violated the terms of her supervised release by submitting one urine sample that tested positive for methamphetamine and two samples that tested positive for marijuana. Following the United States Probation Office's recommendation, United States District Judge Brian Morris allowed Ms. Dupree to continue with her treatment program. (Doc. 34.) On November 12, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Ms. Dupree had once again violated the terms of her supervised release by (1) failing to report for substance abuse testing; (2) failing to report for substance abuse treatment; and (3) by using methamphetamine. Following the United States Probation Office's recommendation, Judge Morris again allowed Ms. Dupree to continue with her

treatment program. (Doc. 35.)

**Petition**

On August 2, 2016, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that (1) Ms. Dupree failed to report for substance abuse treatment on three occasions; (2) Ms. Dupree failed to report for substance abuse testing on multiple occasions; (3) Ms. Dupree submitted a positive urine sample for marijuana, opiates, and methamphetamine; (4) Ms. Dupree submitted another positive urine sample for marijuana one week later; (5) During a conversation with her probation officer, Ms. Dupree admitted to smoking marijuana and using methamphetamine twice during thirty days prior; and (6) Ms. Dupree has failed to make any restitution payments since March 2016. Based on the petition, Judge Morris issued a warrant for Ms. Dupree's arrest. (Doc. 37.)

**Initial appearance**

Ms. Dupree appeared before the undersigned on August 23, 2016, in Great Falls, Montana. Federal Defender Henry Branom accompanied her. Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Dupree said she had read the petition and understood the allegations. Ms. Dupree waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Dupree admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of Ms. Dupree's supervised release.

Ms. Dupree's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony. She could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommended a sentence of three months custody followed by thirty-three months of supervised release with the first six months to be spent in a residential re-entry center. Mr. Weldon recommended the same.

### III. Analysis

Ms. Dupree's supervised release should be revoked because she admitted violating its conditions. Ms. Dupree should be sentenced to three months of incarceration, with thirty-three months of supervised release to follow. The first six months of her supervised release should be spent in a residential re-entry center. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Ms. Dupree was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Ms. Dupree's objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Shyann Dupree violated special conditions of her supervised release by failing to report for substance abuse treatment on several occasions as well as failing to report for substance abuse testing on several occasions.

2. Shyann Dupree violated standard conditions of her supervision by using methamphetamine while on supervised release and by submitting urine samples that tested positive for marijuana and methamphetamine.

3. Shaynn Dupree failed to make schduled payments towards her Court-ordered financial obligation.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Ms. Dupree's supervised release and committing Ms. Dupree to the custody of the United States Bureau of Prisons for three months, with thirty-three months of supervised release to follow. The first six

5

months of Ms. Dupree's supervised release should be spent in a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 29th day of August, 2016.

_____
John Johnston
United States Magistrate Judge