IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-45-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| SHYANN MARIE DUPREE, | |
| Defendant. | |

## I.  Synopsis

The United States accused Ms. Dupree of violating the conditions of her supervised release by 1) possessing a controlled substance, 2) using a controlled substance, 3) consuming alcohol, 4) failing to report for substance abuse treatment, 5) possessing a controlled substance, 6) using a controlled substance, 7) committing another crime, 8) possessing a controlled substance, and 9) using a controlled substance.  She admitted to violations 1-4, 8, and 9, but denied violations 5-7.  Ms. Dupree's supervised release should be revoked.  She should be sentenced to nine months in custody, with no term of supervised release to follow.

1

## II.  Status

On September 25, 2013, Chief United States District Judge Dana L. Christensen sentenced Ms. Dupree to eighteen months in custody, with thirty-six months of supervised release to follow, after Ms. Dupree pleaded guilty to Burglary.  (Doc. 31).  She began her term of supervised release on August 21, 2014.

On December 4, 2014, the United States Probation Office (USPO) filed a Report on Offender Under Supervision, informing the Court of Ms. Dupree's use of methamphetamine and marijuana.  (Doc. 34).  United States District Judge Brian Morris allowed Ms. Dupree to remain on supervised release.  Ms. Dupree was placed in intensive outpatient drug and alcohol treatment program at Passages in Billings, Montana.  She completed the program on July 14, 2015.

On August 2, 2016, the USPO filed a Petition for Warrant or Summons seeking to revoke Ms. Dupree's supervised release, alleging she violated the conditions of her supervised release by using controlled substances, failing to participate in substance abuse testing and treatment, and failing to pay restitution. (Doc. 36).  Judge Morris revoked Ms. Dupree's supervised release and sentenced her to three months in custody, with thirty-three months of supervised release to follow.  (Doc. 45).  Ms. Dupree began her term of supervised release on November

8, 2016.  On November 9, 2016, Ms. Dupree began her 180 day term at the Great

Falls Transition Center.  She completed the program on May 7, 2017, and returned

to Poplar, Montana.

The USPO filed a Report on Offender Under Supervision on August 3,

2017, notifying the Court that Ms. Dupree had used methamphetamine and missed

substance abuse treatment sessions.  (Doc. 47).  Judge Morris allowed Ms. Dupree

to continue her supervised release, allowing her to continue her chemical

dependency treatment.

On August 30, 2017, the USPO filed a Report on Offender Under

Supervision, again notifying the Court that Ms. Dupree had used

methamphetamine and missed substance abuse treatment sessions.  (Doc. 48).  The

USPO held a noncompliance hearing on August 28, 2017, and warned Ms. Dupree

that further violations would result in a more formal action against her.  Judge

Morris allowed Ms. Dupree to continue her supervised release, allowing her to

continue her chemical dependency treatment.

On November 6, 2017, the USPO filed a Petition for Warrant for Offender

Under Supervision, alleging that Ms. Dupree violated the conditions of her

supervised release by using controlled substances, failing to attend treatment, and

failing to pay restitution.  (Doc. 49).  Ms. Dupree was sentenced to six months

custody with twenty-four months of supervised release to follow.  (Doc. 57).  Ms. Dupree began her current term of supervised release on May 18, 2018.

**Petition**

On July 3, 2018, the United States Probation Office filed a petition seeking to revoke Ms. Dupree's supervised release.  The petition alleged that Ms. Dupree committed the following violations:

1. Possessing a controlled substance;

2. Using a controlled substance;

3. Consuming alcohol. On May 24, 2018, the United States Probation Office placed a sweat patch on Ms. Dupree, which was removed on June 7, 2018.  At that time, Ms. Dupree admitted verbally and in writing that she consumed methamphetamine, marijuana, and alcohol. The sweat patch was sent to the lab, which confirmed the presence of methamphetamine;

4. Failing to report for substance abuse treatment on June 19 and 26, 2018;

5. Possessing a controlled substance;

6. Using a controlled substance.  On June 21, 2018, during a phone conversation, Ms. Dupree admitted to using methamphetamine earlier

that day;

7.      Committing another crime.  On June 22, 2018, Ms. Dupree pled guilty

in Tribal Court to Partner/Family Member Assault, admitting that on

June 13, 2018, Ms. Dupree assaulted her ex-husband at his place of

work;

8.      Possessing a controlled substance;

9.      Using a controlled substance.  On June 26, 2018, Ms. Dupree

submitted a urine sample that was positive for methamphetamine,

suboxone, and marijuana.

(Doc. 59).  Based on the Petition, Judge Morris issued a warrant for Ms. Dupree's

arrest.  (Doc. 60).

**Initial appearance**

Ms. Dupree appeared before the undersigned on July 31, 2018, in Great

Falls, Montana.  Federal Defender Hank Branom accompanied her at the initial

appearance.  Assistant United States Attorney Jessica Betley represented the

United States.

Ms. Dupree said she had read the petition and understood the allegations.

Ms. Dupree waived the preliminary hearing, and the parties consented to proceed

with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Dupree admitted allegations 1, 2, 3, 4, 8, and 9, but did not admit

violations 5, 6, and 7.  The United States did not put on evidence as to the denied

violations, and has therefore met its burden with respect to violations 5, 6, and 7.

However, the admitted violations are serious and warrant revocation of Ms.

Dupree's supervised release.

Ms. Dupree's violation grade is Grade C, her criminal history category is I,

and her underlying offense is a Class C felony.  She could be incarcerated for up to

twenty-four months.  She could be ordered to remain on supervised release for

twenty-four months, less any custody time imposed.  The United States Sentencing

Guidelines call for three to nine months in custody.

Mr. Branom argued for a sentence of nine months with no supervised release

to follow.  Ms. Dupree exercised her right of allocution and stated that she has had

a difficult time in the past and was interested in seeking grief counseling to address

recent deaths in her family.  Ms. Betley agreed with Mr. Branom's

recommendation, noting that Ms. Dupree has exhausted the Probation Office's

resources to no avail.

### III.   Analysis

Ms. Dupree's supervised release should be revoked because she admitted

violating its conditions.  Ms. Dupree should be sentenced to nine months in custody, with no term of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

## IV.   Conclusion

Ms. Dupree was advised that the above sentence would be recommended to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Ms. Dupree's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Dupree's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Shyann Marie Dupree violated the conditions of her supervised release by 1) possessing a controlled substance, 2) using a controlled substance, 3) consuming alcohol, 4) failing to report for substance abuse treatment, 5) possessing a controlled substance, and 6) using a controlled substance.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Ms. Dupree's supervised release and sentencing Ms. Dupree to nine months in custody, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 2nd day of August, 2018.

John Johnston
United States Magistrate Judge